IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMY TERRELL ROBERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 11-CV-0443-CVE-FHM |
| | ) |
| ROBERT PATTON, Director,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing pro se. Respondent filed a response (Dkt. # 7) and provided the state court records (Dkt. ## 7, 9) necessary for adjudication of Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 12).[2] For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

During the early morning hours of October 16, 2008, Devin Edwards (Devin) was shot in the neck as he answered a knock on the door of the apartment where he was staying. Devin survived the shooting. Devin's brother, Lamont Dion Edwards (Lamont) was also shot as he sat on the couch

---

[1]Petitioner is in custody at the Lawton Correctional Facility, a private prison located in Lawton, Oklahoma. Under Rule 2(a), Rules Governing Section 2254 Cases, Robert Patton, Director of the Oklahoma Department of Corrections, is the proper party respondent. Therefore, Robert Patton, Director, is hereby substituted in place of Mike Addison, Warden, as party respondent. The Clerk of Court shall be directed to note the substitution on the record.

[2]In his reply, Petitioner raises, for the first time, a challenge to the sufficiency of the evidence. See Dkt. # 12 at 2. That claim is not raised in the petition and is not properly before the Court. For that reason, the claim will not be considered. Thompkins v. McKune, 433 F. App'x 652, 659 (10th Cir. 2011) (unpublished opinion cited for persuasive authority pursuant to 10th Cir. R. 32.1). The Court further notes that the claim has never been presented to the state courts and is unexhausted.

in the same apartment. Lamont died instantly. The apartment was located in the Comanche Park Apartments in Tulsa, Oklahoma, and was leased to Deeja Pearson (Pearson), the mother of Lamont's infant daughter. Pearson and her three young daughters were also present in the apartment during the shootings. Both Pearson and Devin, when interviewed separately, identified the shooter as Demy Roberson (Petitioner). Neither Pearson nor Devin ever wavered in identifying Petitioner as the shooter. At the time of the shootings, Petitioner was sixteen years old.

Based on those identifications and a subsequent investigation, Petitioner was charged, by Information filed in Tulsa County District Court, Case No. CF-2008-5249, with First Degree Murder, or, in the alternative, First Degree Felony Murder (Count 1); and Assault and Battery With a Deadly Weapon (Count 2). During his jury trial, Petitioner testified in his own defense and denied being the shooter. He presented an alibi defense, claiming he was asleep at home in his mother's Comanche Park apartment at the time of the shootings. At the conclusion of the trial, held January 12-14, 2010, a jury found Petitioner guilty as charged. On March 10, 2010, the trial judge sentenced Petitioner in accordance with the jury's recommendation to life imprisonment and a $5,000 fine on Count 1, and to five (5) years imprisonment and a $5,000 fine on Count 2, and ordered the sentences to be served consecutively. Petitioner was represented during trial by attorney David Phillips.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Richard Couch, Petitioner raised the following propositions of error:

> Proposition 1: The defendant was denied a fair trial due to evidentiary harpoons of two State's witnesses that unfairly prejudiced the defendant.
>
> Proposition 2: The trial court abused its discretion in not granting a mistrial upon Appellant's request.
>
> Proposition 3: Prosecutorial misconduct during closing argument deprived Appellant of a fair trial.

> Proposition 4: The trial court erred in not giving a jury instruction defining "reasonable doubt."

(Dkt. # 7-1). On April 19, 2011, in Case No. F-2010-212, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the district court. (Dkt. # 7-3). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he file an application for post-conviction relief in the state district court.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on July 14, 2011. He identifies the same four grounds of error raised on direct appeal. Id. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief on Ground 3 under 28 U.S.C. § 2254(d), and that Grounds 1, 2, and 4 are matters of state law and are not cognizable on habeas corpus review. See Dkt. # 7.

*ANALYSIS*

**A. Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented Grounds 1-4 to the OCCA on direct appeal. Therefore, the Court finds Petitioner satisfied the exhaustion requirement before filing his habeas petition.

The Court further finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of

4

any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Here, Petitioner presented Grounds 1-4 to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claims on the merits, the Court will review these claims under the standards of § 2254(d).

### 1. Evidentiary harpoons (Ground 1)

As his first proposition of error, Petitioner claims he was denied a fair trial due to the introduction of "evidentiary harpoons" by two State's witnesses, both of whom were officers in the Tulsa Police Department. (Dkt. # 1 at 4). On direct appeal, Petitioner complained that during the direct examination of Officer Adam Dawson, the prosecutor asked questions about Dawson's interview of Pearson immediately after the shootings. (Dkt. # 7-1 at 7). Dawson testified that Pearson had provided information as to the names of the individuals involved in the shooting, and then said "I had heard all three of them before." Id. Petitioner also complained on direct appeal of responses provided by Officer Stephanie Blann. Id. at 8. When the prosecutor asked Blann what actions she took after Pearson told her what happened, Officer Blann said, "I immediately was familiar with both of those persons and got up and left that apartment." Id. Petitioner characterized the officers' testimony as willfully jabbed, voluntary statements made by experienced police officers, therefore qualifying as "evidentiary harpoons." Id. In resolving this claim on direct appeal, the OCCA ruled as follows:

> [A]t trial, two different police officers made comments suggesting that they were familiar with the name of Appellant when it was given by the surviving victim and another witness to the shooting. Considering the substance and context of the comments, we conclude that they were not "evidentiary harpoons." Any implication

5

> from these comments that Appellant was involved in other criminal activity was entirely speculative. Appellant was not denied a fair trial by these comments.

(Dkt. # 7-3 at 2 (citation and footnote omitted)).

A habeas court "'will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). Thus, to be entitled to habeas relief, a petitioner must demonstrate that his trial was rendered fundamentally unfair by the admission of the challenged testimony. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (holding that habeas corpus relief cannot be provided on the basis of state court evidentiary rulings "unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." (quoting Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000))).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claims on direct appeal was neither contrary to, nor an unreasonable application of, these general principles. The OCCA's conclusions regarding the testimony by Officers Dawson and Blann were accurate. This Court agrees that any implication that Petitioner was involved in other criminal activity was entirely speculative. Furthermore, even if the challenged testimony could be characterized as "evidentiary harpoons," the admission of the testimony did not render Petitioner's trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 2. Failure to grant mistrial (Ground 2)

In Ground 2, Petitioner alleges that the trial court erred in denying his motion for a mistrial. (Dkt. # 1 at 4). On direct appeal, Petitioner claimed that he was prejudiced by the testimony of Pearson, who appeared before the jury in handcuffs. (Dkt. # 7-1 at 9). He explained that when the prosecutor asked Pearson "[w]hy are you in the Tulsa County Jail right now," Pearson answered, "[b]ecause I was afraid for my life and I ran when I was supposed to be in court." Id. The trial court found that Pearson had not said anything about threats and, for that reason, overruled trial counsel's motion for a mistrial. (Dkt. # 9-3, Tr. Vol. IV at 408). The OCCA denied relief on Petitioner's claim, finding as follows:

> [T]he prosecutor asked one of the State's primary eyewitnesses to explain to the jury why she was testifying in handcuffs. She explained that she was being held because she had failed to appear for a prior hearing in this case, adding that she did so because she feared for her life. Appellant essentially concedes that this comment did not directly implicate him in any attempt to tamper with, intimidate, or threaten the witness. Without more, the witness's gratuitous comment was more of a subjective justification for her own misconduct; it clearly was not an allegation that she had, in fact, been threatened by Appellant or anyone else. Appellant's motion for mistrial was properly overruled.

(Dkt. # 7-3 at 2 (citation omitted)).

As discussed above, "errors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law." Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990). In a due process challenge to the admission of evidence, a habeas petitioner is not entitled to relief unless he can demonstrate that the evidence introduced is "so unduly prejudicial that it renders the trial fundamentally unfair." Payne v. Tennessee, 501 U.S. 808, 825 (1991).

7

Petitioner has failed to demonstrate that the comment made by Pearson rendered his trial fundamentally unfair. The Court agrees with the OCCA's assessment that Pearson's comment explained her own misconduct and did not directly imply that she had been threatened by Petitioner or anyone else. Furthermore, in light of the evidence presented at trial, Petitioner has not shown that his trial was rendered fundamentally unfair by the admission of the testimony. Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Accordingly, Petitioner's request for habeas corpus on Ground 2 shall be denied.

### 3. Prosecutorial misconduct (Ground 3)

As his third proposition of error, Petitioner claims that prosecutorial misconduct during the State's final closing argument deprived him of a fair trial. (Dkt. # 1 at 5). On direct appeal, Petitioner cited three instances of alleged prosecutorial misconduct. (Dkt. # 7-1 at 11). First, he claimed that the prosecutor misstated the law and improperly claimed that defense counsel had deceived the jury. Id. at 12. He also alleged that the prosecutor improperly commented upon the "evidentiary harpoon" injected by Officer Blann. Id. at 13. Finally, Petitioner claimed that the prosecutor improperly gave her personal opinion and argued facts not in evidence. Id. at 13-14. Petitioner also argued that the combined effect of the prosecutor's improper comments was so prejudicial that Petitioner was denied a fair and impartial trial. Id. at 14. Because trial counsel did not object to the allegedly improper comments, the OCCA reviewed for plain error and found as follows:

> By claiming that defense counsel sought to distract the jury from the real issues in the case, the prosecutor was offering a fair reply to the issues raised in defense counsel's previous argument. While the prosecutor may have slightly misstated testimony regarding certain police procedures, that misstatement was neither

8

intentional nor material to the outcome. Finally, by referring to the fact that police located Appellant at his home within minutes of the shooting, the prosecutor was not suggesting that Appellant was a known criminal; read in context, the prosecutor was merely describing the circumstances immediately after the shooting that undermined Appellant's alibi defense. Appellant was not denied a fair trial by any of these comments.

(Dkt. # 7-3 at 3 (citations omitted)).

"Prosecutorial misconduct can result in constitutional error if it 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" DeRosa v. Workman, 679 F.3d 1196, 1222 (10th Cir. 2012) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). "The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct." Bland v. Sirmons, 459 F.3d 999, 1024 (10th Cir. 2006). To determine whether a trial is rendered fundamentally unfair, the Court examines the entire proceeding, "including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase," as well as "[a]ny cautionary steps – such as instructions to the jury – offered by the court to counteract improper remarks." Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

### a. Misstatement of law

Petitioner argues that the prosecutor misstated the law. (Dkt. # 1 at 5). On direct appeal, Petitioner claimed that during rebuttal argument, the prosecutor "misstated the law and argued that the testimony of Cpl. Harper regarding a gunshot residue test was not evidence and could not be considered by the jury." (Dkt. # 7-1 at 12). The OCCA found that the prosecutor was offering a fair reply to the issues raised in defense counsel's previous argument. (Dkt. # 7-3 at 3).

The Court agrees with the OCCA's assessment of the prosecutor's remarks. Defense counsel invited the comments when he argued during his closing argument that the investigation by the police was limited to the interviews of Devin and Pearson. (Dkt. # 9-5, Tr. Vol. VI at 717). He pointed out that no gunshot residue test was performed even though it is simple to do. Id. In response, the prosecutor stated that defense counsel's argument was meant to distract the jury, id. at 731, and that gunpowder residue tests are not done because the test results are not conclusive regardless of whether they are positive or negative for gunpowder. Id. at 730. Clearly, the prosecutor's remarks were made in response to defense counsel's comments during his closing argument. The prosecutor's remarks fall easily within the wide latitude of argument allowed prosecutors. Thornburg v. Mullin, 422 F.3d 1113, 1131 (10th Cir. 2005). Petitioner has not demonstrated that his trial was rendered fundamentally unfair by the comments.

### b. Improper reliance on "evidentiary harpoon"

On direct appeal, Petitioner complained that the prosecutor improperly referred to an "evidentiary harpoon," by citing Officer Blann's testimony that she "immediately was familiar with both of those persons and got up and left that apartment." (Dkt. # 7-1 at 13). Petitioner argued that Blann's testimony was an "evidentiary harpoon," intentionally injected into the trial to imply to the

jury that Petitioner had prior contacts with the police. Id. As a result, Petitioner argued that he had been denied a fair trial. Id. The OCCA determined that the comments were not improper because the prosecutor was merely describing the circumstances immediately after the shooting that undermined Appellant's alibi defense. (Dkt. # 7-3 at 3).

As discussed above, the comment by Officer Blann did not constitute an improper "evidentiary harpoon." In addition, a prosecutor "is allowed a reasonable amount of latitude in drawing inferences from the evidence during closing summation." Duvall v. Reynolds, 139 F.3d 768, 795 (10th Cir. 1998). Here, the prosecutor described events immediately after the shooting to dispel Petitioner's alibi defense and were reasonable inferences from the evidence. The prosecutor's comments regarding Officer Blann's testimony did not result in a fundamentally unfair trial.

### c. Improperly using personal opinion and arguing facts not in evidence

On direct appeal, Petitioner also complained that the prosecutor improperly expressed her personal opinion and argued facts not in evidence when she improperly stated that she "was shocked" when defense counsel brought up the gunpowder residue test because "[t]he police department doesn't do gunpowder residue tests." (Dkt. # 7-1 at 13-14). The OCCA characterized the prosecutor's statement as a slight misstatement of police procedure, but found that the misstatement was neither intentional nor material to the outcome of the case. This Court finds that the prosecutor's statement that she "was shocked," was not an improper expression of her opinion of Petitioner's guilt. See Moore v. Gibson, 195 F.3d 1152, 1173 (10th Cir. 1999). In addition, the prosecutor's comments were responsive to defense counsel's closing argument and were, therefore, invited. Furthermore, in light of the evidence presented at trial, the prosecutor's comments did not deprive Petitioner of a fundamentally fair trial.

In summary, Petitioner's claims of prosecutorial misconduct lack merit. Furthermore, the combined effect of the comments did not deprive Petitioner of a fundamentally fair trial. Petitioner fails to show that the OCCA's decision denying relief on this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Habeas corpus relief is denied on Ground 3.

**4. Failure to issue instruction defining "reasonable doubt" (Ground 4)**

In Ground 4, Petitioner claims that the trial court erred in refusing to issue an instruction defining "reasonable doubt." (Dkt. # 1 at 5). The record reflects that, during the jury instructions conference, trial counsel requested an instruction defining "reasonable doubt." (Dkt. # 9-4, Tr. Vol. V at 684). The trial judge denied the request. Id. at 685. Then, during deliberations, the jury sent out a note asking, "[w]hat is the defenition [sic] of reasonable dought [sic]?" (Dkt. # 9-5, Tr. Vol. VI at 743). Trial counsel offered a proposed instruction, but the trial judge refused to issue it. Id. at 746. After bringing the jury back into the courtroom, the trial judge instructed that "at this time the law in the State of Oklahoma is that the Court does not define by way of instruction for the jury what reasonable doubt is; that is a definition that each juror must decide personally." Id. at 747. On direct appeal, the OCCA denied relief on this claim, finding as follows:

> [T]his Court has consistently held that attempts to define "reasonable doubt" for a jury are unnecessary at best, and at worst, invite confusion. The trial court properly denied Appellant's requested instruction attempting to define "reasonable doubt."

(Dkt. # 7-3 at 3 (citation omitted)).

It is well established that "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340,

1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes, 46 F.3d at 984 ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)). The issue of defining "reasonable doubt" has been addressed by the United States Supreme Court in Victor v. Nebraska, 511 U.S. 1, 5 (1994), as follows:

> The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Cf. Hopt v. Utah, 120 U.S. 430, 440-441, 7 S. Ct. 614, 618-20, 30 L. Ed. 708 (1887). Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 320 n.14, 99 S. Ct. 2781, 2789, n.14, 61 L. Ed. 2d 560 (1979), the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.

Victor, 511 U.S. at 5.

Here, the trial judge instructed the jury, several times, on the need to determine Petitioner's guilt beyond a reasonable doubt. In Jury Instruction No. 4, the court instructed that, "[t]he defendant is presumed innocent of the crime charged, and the presumption continues unless, after consideration of all the evidence, you are convinced of his guilt beyond a reasonable doubt. The State has the burden of presenting the evidence that establishes guilt beyond a reasonable doubt." (Dkt. # 7-5 at 6). In Jury Instruction No. 16, the court instructed that, "[t]he State must prove the identity of the defendant as the person who committed the crime charged beyond a reasonable doubt. If after examining all of the evidence, you have a reasonable doubt as to whether the defendant was the

13

individual who committed the crime charged, you must find the defendant not guilty." Id. at 18. In Jury Instruction No. 19A, the court instructed that, "if, after careful consideration of all of the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place where the crime was committed, if it was committed, then you must find the defendant not guilty." Id. at 23. Additionally, in the jury instructions for each of the crimes charged, the court instructed that, "[n]o person may be convicted of [the crime charged] unless the State has proved beyond a reasonable doubt each element of the crime." Id. at 25, 28, 29.

Upon review of the record, the Court finds that Petitioner was not denied a fundamentally fair trial as a result of the trial court's refusal to issue the requested instruction defining "reasonable doubt." Furthermore, Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). For that reason, Petitioner is not entitled to habeas corpus relief on Ground 4.

## C.     Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record the **substitution** of Robert Patton, Director, in place of Mike Addison, Warden, as party respondent.
2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment shall be entered in this matter.
4. A certificate of appealability is **denied**.

**DATED** this 15th day of September, 2014.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE